# GORSKI & KNOWLTON PC

## COUNSELORS AT LAW

CAROL L. KNOWLTON †

ALLEN I. GORSKI †

† NJ AND PA BAR

311 WHITEHORSE AVENUE

SUITE A

HAMILTON, NEW JERSEY 08610

Telephone:

(609) 964-4000

Fax:

(609) 585-2553

WRITER'S EMAIL: CKNOWLTON@GORSKIKNOWLTON.COM

September 1, 2016

***Via ECF & email***

Honorable Christine M. Gravelle U.S.B.J.
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, N.J. 08608

RE:    DEBTOR ESTATE OF CHARLES J. ORLANDO
       CASE NO.:  13-23433-CMG
       **REPLY TO WELLS FARGO'S OBJECTION TO DEBTOR'S MOTION TO COMPEL COMPLIANCE**
       Hearing Date:  9/6/16

Dear Judge Gravelle:

This office represents the Debtor in the above-referenced matter.  Please accept this letter in lieu of a more formal reply to Wells Fargo's objection to the Debtor's Motion to Compel Compliance with the Consent Order entered on May 22, 2015.

Contrary to Wells Fargo's assertion, the mortgage in this matter was not subject to the anti-modification clause of 11 U.S.C. §1123(b)(5) because the language of the mortgage removed it from that provision. That is, the mortgage is not secured only by a security interest in real property that is the Debtor's principal residence, as it asserts a security interest in all equipment and personal property, and as it has language restricting the mortgagor as to collection of rents.  This issue was raised during the negotiations regarding the Debtor's Plan of Reorganization, and it was acknowledged by Wells Fargo's attorneys that 11 U.S.C. §1123(b)(5) did not apply in this case.  The resolution with Wells Fargo was based, in large part, upon the ability of the Debtor to modify the loan.  It is improper for Wells Fargo to attempt to raise this issue now.

Wells Fargo's argument that the Consent Order brought the account current by capitalizing arrears is inaccurate.  Nowhere in the Order does it state that arrears are being capitalized.  Further, the Order does not state that the unpaid principal balance is $411,694.14.  The Consent Order specifies that the unpaid principal is $177,763.34.  Wells Fargo's interpretation of the Consent Order allows it to charge interest on interest, since part of the total amount due is more than $92,000 in interest.

September 1, 2016
Page 2

*GORSKI & KNOWLTON, PC*

As to the amount of the monthly payment, the Consent Order simply refers to an amount for principal and interest of $2,355.85.  The Order does not allocate between principal and interest, nor does it attach or refer to an amortization schedule.  There was no indication that the amount of the monthly payment was based on having a principal balance of over $411,000  It is inappropriate, therefore, to say that this is proof that the principal amount is now increased to more than $411,000.

For the above reasons, the undersigned respectfully requests that Wells Fargo's objection be over-ruled and that Wells Fargo be directed to correct its records to comply with the Consent Order.

Respectfully submitted,
GORSKI & KNOWLTON, P.C.
Attorneys for the Debtor

*/s/ Carol L. Knowlton*
By:_____
CAROL L. KNOWLTON

CLK:cmc
cc via email:    Jeffrey M. Sponder, Esquire
Melissa Licker, Esquire
Charles Orlando