| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Gorski & Knowlton PC<br>By: Carol L. Knowlton, Esquire<br>311 Whitehorse Ave, Suite A<br>Hamilton, New Jersey 08610<br>(609) 964-4000<br>(609) 585-2553 - facsimile<br>cknowlton@gorskiknowlton.com<br>Attorneys for Debtor(s) | Order Filed on August 29, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Charles J. Orlando<br><br>      Debtor(s) | Chapter 11<br><br>Case No.  13-23433-CMG<br><br>Judge:  Christine M. Gravelle<br><br>Hearing date:  August 28, 2018 |

Recommended Local Form:    ☐  Followed    ☑  Modified

## ORDER REOPENING CASE

**DATED: August 29, 2018**

_____
Honorable Christine M. Gravelle
United States Bankruptcy Judge

Upon the motion of the Debtor, and for good cause shown, it is

ORDERED as follows:

1. This case is reopened.

2. ☐ A Trustee shall be appointed.

   ☑ A Trustee shall not be appointed.

3. ☐ The case shall be immediately reclosed.

   ☐ The case shall be closed within _____ days.

   ☑ The case shall be reviewed within __30__ days for closing eligibility.

4. Debtor's Plan, confirmed by Order dated June 22, 2015, is hereby modified to amend the treatment of Class #1, Wells Fargo Bank, to the terms set forth in the loan modification attached hereto and made a part hereof as Exhibit A.

5. The Debtor is hereby allowed to cure his default regarding his payments to be made pursuant to the Plan to the IRS.  The payments shall be made in accordance with the proposal to cure in the Debtor's Certification in Support of Motion to Re-Open this case.  To the extent that the IRS deemed the Debtor's Plan to be terminated as a result of his default, the Plan is reinstated.

The successful party shall serve this Order on the debtor, any trustee and all parties who entered an appearance on this motion.

# EXHIBIT A

Loan Number

# LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: **CHARLES J ORLANDO and MARTHA E ORLANDO**
Lender ("Lender"): **JPMORGAN CHASE BANK, N.A.**
Date of First Lien Security Instrument ("Mortgage") and Note ("Note"): **MAY 31, 1991**
Loan Number: ("Loan")
Property Address: **10 FARVIEW DR, ANNANDALE, NEW JERSEY 08801** ("Property")

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.**
   I represent to the Lender and agree:
   A. I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent.

   B. The Property is neither in a state of disrepair, nor condemned.

   C. There has been no change in the ownership of the Property since I signed the Loan Documents.

   D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

   E. I have provided documentation for all income that I earn.

   F. All documents and information I provide pursuant to this Agreement are true and correct.

2. **The Modification.**
   The Loan Documents are hereby modified as of **OCTOBER 01, 2017** ("Modification Effective Date"), and all unpaid late charges are waived. The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

   A. The Maturity Date will be: **APRIL 01, 2045**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts toward taxes, insurance,

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2017_11_00_22                 CR46233-Q2
                                                                                       WF101
                                                                                  (page 1 of 6 pages)

Loan Number

or other assessments. The new principal balance of my Note is **$443,277.25** ("New Principal Balance").

C. The Interest Bearing Principal Balance of **$443,277.25** will re-amortize over **480** months. The amortization period will extend **149** months beyond the Maturity Date of **APRIL 01, 2045** and will result in a remaining scheduled balance on the Maturity Date of **$246,455.52** (the "Balloon Payment"), which is part of the Interest Bearing Principal Balance. The Balloon Payment will be repaid in accordance with Section 2.D.

Interest will begin to accrue as of **SEPTEMBER 01, 2017**. The first new monthly payment on the New Principal Balance will be due on **OCTOBER 01, 2017**, and monthly on the same date thereafter.

My payment schedule for the modified Loan is as follows:

Interest will accrue on the New Principal Balance at the rate of **5.500%** annually. The monthly payment amount for principal and interest will be **$2,286.29**, which is an amount sufficient to amortize the New Principal Balance to the remaining Balloon Payment over a period of **331** months.

If the Loan Documents currently provide for a balloon, the Balloon Amount resulting from this modification may be different. The Balloon Payment of **$246,455.52** will be due on the Maturity Date unless due earlier in accordance with Section 2.D.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including, but not limited to, provisions for an adjustable or step interest rate.

D. Any amounts still due under the Loan Documents, including the Balloon Payment, as identified within this Agreement will be paid by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if (i) the monthly payments are not made in full on the date they are due, or (ii) I do not comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. **Additional Agreements.** I agree to the following:

A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

B. To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments,

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2017_11_00_22         CR46233-Q2
                                                                                WF101
                                                                        (page 2 of 6 pages)

Loan Number

impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms.

D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. That, if the Borrower is in bankruptcy upon execution of this document, the Borrower will cooperate fully with the Lender in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. The Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect, and such terms shall not be modified by this Agreement.

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2017_11_00_22                    CR46233-Q2
                                                                                            WF101
                                                                                    (page 3 of 6 pages)

Loan Number

J. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

K. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

L. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2017_11_00_22

CR46233-Q2
WF101
(page 4 of 6 pages)



Loan Number ███

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And CHARLES J ORLANDO and MARTHA E ORLANDO, LOAN NUMBER ███ WITH A MODIFICATION EFFECTIVE DATE OF October 01, 2017

In Witness Whereof, the Borrower(s) have executed this agreement.

_____    Date: 10 /31 /17
Borrower - CHARLES J ORLANDO

_____    Date: 10 /31 /17
Borrower - MARTHA E ORLANDO

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2017_11_00_22    CR46233-Q2
WF101
(page 5 of 6 pages)

Loan Number

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And CHARLES J ORLANDO and MARTHA E ORLANDO, LOAN NUMBER _____ WITH A MODIFICATION EFFECTIVE DATE OF October 01, 2017

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, N.A.**

By: _(signature)_

Printed Name: Lycia Fiorino
Vice President

Date: 11-8-2017

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2017_11_00_22

CR46233-Q2
WF101
(page 6 of 6 pages)

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 13-23433-CMG
Charles J. Orlando                                                    Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: Aug 29, 2018
                          Form ID: pdf903         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 31, 2018.
db          +Charles J. Orlando,    PO Box 268,    Annandale, NJ 08801-0268

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 31, 2018                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 29, 2018 at the address(es) listed below:
        Albert  Russo (NA)    on behalf of Trustee Albert  Russo docs@russotrustee.com
        Andrew L. Spivack    on behalf of Creditor    Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association, as Trustee, f/k/a Norwest Bank Minnesota, National Association, as Trustee for SACO1 In nj.bkecf@fedphe.com
        Carol L. Knowlton    on behalf of Debtor Charles J. Orlando cknowlton@gorskiknowlton.com
        Denise E. Carlon    on behalf of Creditor    Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association, as Trustee, f/k/a Norwest Bank Minnesota, National Association, as Trustee for SACO1 In bankruptcynotice@zuckergoldberg.com, bkgroup@kmllawgroup.com
        Jeffrey M. Sponder    on behalf of U.S. Trustee    United States Trustee jeffrey.m.sponder@usdoj.gov, jeffrey.m.sponder@usdoj.gov
        Melissa N. Licker    on behalf of Creditor    JPMorgan Chase Bank, N.A. as servicing agent for Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association as Trustee, f/k/a Norwest Bank Minnesot NJ_ECF_Notices@buckleymadole.com
        Melissa N. Licker    on behalf of Creditor    JPMorgan Chase Bank, National Association NJ_ECF_Notices@buckleymadole.com
        Melissa N. Licker    on behalf of Creditor    Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association, as Trustee,f/k/a Norwest Bank Minnesota, National Association, as Trustee for SACO1 Inc NJ_ECF_Notices@buckleymadole.com
        Richard P. Haber    on behalf of Creditor    JPMorgan Chase Bank, N.A. as servicing agent for Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association as Trustee, f/k/a Norwest Bank Minnesot rich.haber@buckleymadole.com, NJ_ECF_Notices@mccalla.com
        Robert W. Mopsick    on behalf of Creditor    United States of America, Internal Revenue Service Robert.W.Mopsick@IRSCOUNSEL.TREAS.GOV
        Sherri Jennifer Smith    on behalf of Creditor    CHASE AS SERVICING AGENT FOR WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK ET. AL. nj.bkecf@fedphe.com, nj.bkecf@fedphe.com
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                               TOTAL: 12